**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HICKMAN GARMENT COMPANY, Respondent.**

**Nos. 20734, 20735.**

United States Court of Appeals, Sixth Circuit.

Dec. 18, 1972.

Norman Geiger, Brooklyn, N. Y., for respondent.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Spielberg, Atty., Washington, D. C., John C. Getreu, Region 9, N. L. R. B., Cincinnati, Ohio, for petitioner.

Jacob Sheinkman, Gen. Counsel, New York City, Ronald K. Fisher, Reg. Counsel, Chicago, Ill., for intervenor.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

ORDER

This cause came on to be heard on the petition of the National Labor Relations Board for an adjudication in civil contempt, and was argued by counsel for Petitioner.

Upon consideration it is ordered that the company purge itself of such contempt by:

(a) Complying fully with and obeying the order of this court dated February 5, 1971, reported at 437 F.2d 956.

(b) Notifying the union that the company is ready and willing forthwith to bargain collectively in good faith with the union, and that if an understanding is reached it will embody such understanding in a signed agreement.

(c) Mailing to each unit employee a notice to be furnished by the Board's Regional Office, and signed by an official of the company stating that it has been adjudged in civil contempt of this court for disobeying its order, that it will carry out the purgation ordered by the court and that it will not henceforth interfere with, restrain or coerce its employees in the exercise of their rights under the Act; and further posting copies of such notices, together with a copy of the contempt adjudication, in conspicuous places where notices to employees customarily are posted, for a period of sixty consecutive days, and maintaining such, in clearly legible condition, throughout such posting periods and assuring that they are not altered, defaced, or covered by any other material.

(d) Filing a sworn statement with the Director of the Ninth Region of the Board within ten (10) days after the entry of the order of adjudication, showing what steps have been taken by the company to comply with the court's directions, and filing sworn statements every thirty (30) days thereafter, with the Regional Director, as to the manner of the company's bargaining with the union, and making such further reports as the court may require.

(e) Paying to the board fees and all costs and expenditures, including coun-

sel fees, incurred by the Board in the investigation, preparation and final disposition of this proceeding.

It is further ordered that to insure compliance with the foregoing provisions, this court imposes a compliance fine of $5,000 and a further compliance fine of $500 per day so long as such non-compliance continues. Such compliance fines shall be imposed only in the event that Hickman Garment Company fails to purge itself of contempt as herein directed.

It is further ordered that in event of continued non-compliance this court will deal with the matter by such means as the court shall deem appropriate, including the issuance of a body attachment against any officer of agent of Hickman Garment Company responsible for such non-compliance.